UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

| | | |
|---|---|---|
| **GREGORY WAYNE CHIPMAN,** | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 2:15-67-ART |
| | ) | |
| v. | ) | |
| | ) | |
| **DON BOTTOM, Warden,** | ) | **REPORT AND RECOMMENDATION** |
| **Northpoint Training Center,** | ) | |
| | ) | |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner Gregory Wayne Chipman, an inmate currently incarcerated at Northpoint Training Center, Burgin, Kentucky, has filed a *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (*See* R. 1). The record reveals that Petitioner has filed multiple § 2254 Petitions, one that was decided on the merits, and all challenging the same state court conviction. Therefore, it will be recommended that this Petition be **transferred** to the Sixth Circuit pursuant to 28 U.S.C. § 1631. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (holding that a district court should transfer to the Sixth Circuit a second or successive habeas petition filed directly with a district court).

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

A Grant County, Kentucky, jury convicted Petitioner of wanton murder, and the Grant Circuit Court entered final judgment on September 12, 2000, sentencing Petitioner to life in prison, in accordance with the jury's recommendation. (R. 1-5, at 14-15). On August 22, 2002, the Kentucky Supreme Court affirmed Defendant's conviction on direct appeal. (R. 1, at 2; 1-3, at 21). Thereafter, on September 30, 2003, Petitioner filed a *pro se* motion under Kentucky Rule of Criminal Procedure

(RCr) 11.42 asserting various issues, which was denied by the trial court. On October 15, 2004, the Kentucky Court of Appeals affirmed the trial court's denial of Petitioner's RCr 11.42 motion, and on March 9, 2005, the Kentucky Supreme Court denied discretionary review. (*See* R. 1-6, at 11-12; *Chipman v. Commonwealth*, No. 2003-CA-002349-MR, 2004 WL 2320317 (Ky. Ct. App. Oct. 15, 2004)).

On March 30, 2005, Petitioner filed his first § 2254 Petition in the Federal District Court for the Eastern District of Kentucky. *Chipman v. Morgan*, No. 2:05-cv-00062-DLB. On December 28, 2005, Magistrate Judge Peggy E. Patterson entered a Report and Recommendation wherein she recommended denying the Petition, finding seven of Petitioner's claims were inexcusably procedurally defaulted and the remaining two claims lacked merit. (*Id.* at ECF No. 12). On March 22, 2006, after consideration of Petitioner's Objections, District Judge David L. Bunning adopted the Magistrate Judge's Report and Recommendation and dismissed the Petition. (*Id.* at ECF No. 17). Petitioner appealed the dismissal of his Petition, and the Sixth Circuit declined to issue a certificate of appealability. (*Id.* at ECF No. 20).

Petitioner thereafter returned to state court, filing various post-conviction motions again challenging his conviction in Grant Circuit Court. *See Chipman v. Commonwealth*, No. 2007-CA-000329-MR, 2008 WL 682439, at *2 (Ky. Ct. App. Mar. 14, 2008). Petitioner did not prevail on his state post-conviction motions at either the state trial court or appellate levels. *Id.*

Petitioner arguably attempted to file a second § 2254 petition in this Court on January 18, 2007, by filing in his then closed federal case a document that Magistrate Judge J. Gregory Wehrman ordered be treated as a letter. Magistrate Judge Wehrman explained that the Court would not take further action on this filing since Petitioner did not clearly indicate he intended to file a successive

petition nor did he reference the Sixth Circuit having given him permission for such a filing. (*Chipman*, No. 2:05-cv-00062, at ECF Nos. 21, 22).

On August 15, 2007, Petitioner filed another § 2254 Petition in this Court, which he conceded was his third federal petition. (*Chipman v. Haney*, No. 2:07-cv-00129-DLB, at ECF Nos. 1, 11). Respondent filed a Motion to Dismiss, claiming that the Petition was successive. (*Id*. at ECF No. 9). Petitioner argued that his Petition should not be dismissed as successive because his prior federal Petitions were not dismissed on the merits. (*Id*. at ECF No. 11). Magistrate Judge Edward B. Atkins considered the matter and found Petitioner's first Petition was dismissed "on the merits" and recommended the Petition be transferred to the Sixth Circuit as a successive petition. (*Id*. at ECF No. 14). District Judge David L. Bunning adopted the Report and Recommendation and transferred the Petition to the Sixth Circuit pursuant to 28 U.S.C. § 1631. (*Id*. at ECF No. 15). On September 15, 2008, the Sixth Circuit declined to authorize the District Court to consider Petitioner's second or successive Petition, finding he did not meet the requirements of 28 U.S.C. § 2244(b). (*Id*. at ECF No. 16).

On December 26, 2013, Petitioner again returned to the state court, filing a state petition for writ of habeas corpus in Boyle Circuit Court, asserting that the state indictment on which he was convicted was void *ab initio* because the indictment was not signed by the presiding judge of the Grant Circuit Court and it failed to distinguish the criminal acts. (R. 1-3, at 21-23). On February 4, 2014, the Boyle Circuit Court denied the petition, holding that a petition for a writ of habeas corpus is not a substitute for a direct appeal and the arguments raised could have been pursued on direct appeal but were not. (R. 1-6, at 1-2). This decision was upheld on appeal, and on December 10, 2014, the Kentucky Supreme Court denied discretionary review. (R. 1-3, at 1, 21-23).

On May 7, 2015, Petitioner filed his third, or arguably fourth, Petition in this Court under 28 U.S.C. § 2254. (R. 1). In the current Petition, Petitioner again challenges his state court conviction for wanton murder, asserting that the grand jury was not properly summoned or sworn and they did not properly return the Indictment to the circuit court judge. *Id.* Petitioner also asserts claims of ineffective assistance of counsel by both his trial and appellate counsel for various failures surrounding what he alleges was a void *ab initio* Indictment. *Id.*

## II.     ANALYSIS

As a threshold matter, the Court must consider whether it has jurisdiction to address the Petition. In the instant case, Petitioner already filed at least two § 2254 Petitions.[1] *See Chipman v. Morgan*, No. 2:05-cv-00062-DLB; *Chipman v. Haney*, 2:07-cv-00129-DLB. The Antiterrorism and Effective Death Penalty Act (AEDPA) prohibits the filing of a "second or successive" § 2254 motion without authorization from the appropriate circuit court of appeals, here the Sixth Circuit. *See* 28 U.S.C. § 2244(b)(3)(A); *see also* Rule 9, Rules Governing Section 2254 Cases in the United States District Courts. When a prisoner files a "second or successive" petition for habeas corpus relief in the district court without authorization from the Sixth Circuit, the district court is required to transfer the filing to the Sixth Circuit pursuant to 28 U.S.C. § 1631. *In re Sims*, 111 F.3d at 47.

Here, as the Sixth Circuit has previously held, Petitioner's first Petition was dismissed "on the merits." *See In re: Gregory W. Chipman,* No. 08-5222 (6th Cir. Sept. 15, 2008) (holding [w]hen a habeas petition is dismissed as procedurally barred, as part of the petition was in this case, the dismissal is considered 'on the merits' and the petitioner must obtain permission under § 2244(b)

---

[1]As discussed above, Petitioner has arguably filed three prior § 2254 Petitions, but only two were docketed as such.

4

to file another application) (copy filed in *Chipman*, 2:07-cv-00129-DLB, at ECF No. 16); *see also Chipman*, 2:05-cv-00062-DLB, at ECF No. 17 (adopting Report and Recommendation and dismissing Petitioner's first Petition). Petitioner's instant Petition challenges the same state court conviction on new grounds not raised in his prior Petitions, including claims that he received ineffective assistance of counsel by both his trial and appellate counsel for certain failures surrounding what he alleges was a void *ab initio* Indictment. (R. 1, at 4-5). He does not allege that there has been an intervening judgment since his first § 2254 Petition. *See Magwood v. Patterson*, 561 U.S. 320, 339 (2010). Therefore, the instant Petition is a "second or successive" petition within the meaning of 28 U.S.C. § 2244(b), and this Court lacks jurisdiction to consider it without Petitioner first obtaining authorization from the Sixth Circuit. *See Burton v. Stewart*, 549 U.S. 147, 153 (2007); *In re Garner,* 612 F.3d 533, 535 (6th Cir. 2010) ("Because [Petitioner's] initial habeas petition was decided 'on the merits,' his recent filings in our court are properly deemed a 'second or successive' petition.") (*citing In re Cook*, 215 F.3d 606, 607-08 (6th Cir. 2000)).

**III.   CONCLUSION AND RECOMMENDATION**

Accordingly, for the reasons stated herein, **IT IS RECOMMENDED** that Petitioner's § 2254 Petition be transferred to the Sixth Circuit Court of Appeals, pursuant to 28 U.S.C. § 1631, for a determination of whether the Petitioner will be granted authorization to file a "second or successive" habeas petition.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Report and Recommendation, issued under subsection (B) of the statute. *See also* Rules Governing Section 2254 Cases in the United States District Courts, Rule 8(b). Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may

serve and file specific written objections to any or all findings or recommendations for determination, *de novo,* by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn,* 474 U.S. 140, 155 (1985); *United States v. Walters,* 638 F.2d 947, 950 (6th Cir. 1981).

Dated this 28th day of May, 2015.

Signed By:
*Candace J. Smith*
**United States Magistrate Judge**

G:\DATA\habeas petitions\successive petitions\15-67 Chipman successive.wpd